Hunter H. Hoestenbach (SBN: 249130)
**HOESTENBACH LAW**
402 W. Broadway Fl. 21
San Diego, CA 92101-8574
Tel: 619.940.4868 | Fax: 619.363.4631
E-mail: Hunter@HoestenbachLaw.com

Attorneys for Plaintiff
Michael Ayala

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AYALA,<br><br>        Plaintiff,<br><br>  v.<br><br>FARMAR LAW GROUP, PC;<br>SECOND ROUND SUB, LLC; and<br>DOES 1-10, Inclusive,<br><br>        Defendant. | Case# **'21 CV 1006 AJB  RBB**<br><br>COMPLAINT<br>[15 U.S.C. §§ 1692 – 1692p]<br><br>Judge:    Hon.<br>Ct.:<br><br>Location:  U.S. Courthouse<br>           333 W. Broadway<br>           San Diego, CA 92101 |

Plaintiff MICHAEL AYALA, based upon information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorney(s) (which are alleged on personal knowledge), files this Complaint and makes the following allegations:

HHH

- 1 -      *Case#*
Compl.

# INTRODUCTION

1.     Defendants are a debt collection law firm and a debt buyer who unlawfully attempted to collect a debt from Plaintiff.  Consequently, Plaintiff brings this action against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et. seq*.

# JURISDICTION

2.     Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d).  Supplemental jurisdiction exists for the state law claims, if any, pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

3.     This action arises out of Defendants' violations of the FDCPA, 15 U.S.C. § 1692, *et. seq*.  While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

# VENUE

4.     Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

# PARTIES

5.     Plaintiff MICHAEL AYALA is a citizen of the State of California and resides in Lemon Grove, San Diego County, CA.

6.     Upon information and belief, defendant FARMAR LAW GROUP, PC ("FARMAR") is a professional corporation organized under the laws of the state of California with its principal place of business located at 15250 Ventura Blvd. Ste.

HHH

1000, Sherman Oaks, Los Angeles County, CA 91403.  FARMAR may be served with process by and through its registered agent, Matthew Kumar, 14900 Magnolia Blvd. Ste. 55997, Sherman Oaks, CA 91403-1330.

7.   Upon information and belief, defendant SECOND ROUND SUB, LLC ("SRS") is a limited liability company organized under the laws of the state of Texas with its principal place of business located at 3100 Breckinridge Blvd. Ste. 725, Duluth, Gwinnett County, GA 30096.  SRS may be served with process by and through its registered agent, CSC Lawyers Incorporating Service, 2710 Gateway Oaks Dr. Ste. 150N, Sacramento, CA 95833-3505.

8.   Defendant DOE is an unknown individual or business entity engaged in the business of collecting defaulted and charged-off consumer debt in this state. The true name of Defendant DOE is unknown to Plaintiff at this time and Plaintiff therefore sues said Defendant by such fictitious name.  Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant DOE was an individual, limited liability company, corporation or business entity of unknown form that has resided in, has done or is doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious name of Defendant DOE with the true name when Plaintiff discovers it.  Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is vicariously liable to Plaintiff for the acts of FARMAR and SRS.

9.   At all relevant times, each Defendant has committed acts, caused others to commit acts, ratified the commission of acts or permitted others to commit acts alleged herein and has made, caused, ratified or permitted others to make the untrue or misleading representations alleged herein.

**HHH**

- 3 -        *Case#*
Compl.

10.     Each reference herein to "Defendant," "Defendants" or a specifically named Defendant refers to each of the DOE defendants sued under fictitious names. Each reference herein to any act of "Defendant," "Defendants" or a specifically named defendant shall mean that each Defendant acted individually and jointly with the other Defendants.  Unless otherwise indicated, the use of any Defendant's name herein includes all agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of that Defendant.

## FACTUAL ALLEGATIONS

11.     On May 29, 2020, defendant SRS, a debt buyer, by and through its debt collection law firm, FARMAR, filed a debt collection lawsuit against Plaintiff in the San Diego Superior Court under Case# 37-2020-00017972-CL-CL-CTL. **(Ex. 1).** The suit alleged Plaintiff owed SRS $2,173.91 to reimburse charges, interest and fees arising from Plaintiff's use of a Big Lots Credit Card underwritten by Comenity Capital Bank.

12.     Defendant's lawsuit was allegedly signed and filed by FARMAR attorney Ali Farzin, Esq.  It was one of 62 lawsuits Mr. Farzin purportedly signed and filed that day.  It was one of 1,038 lawsuits Mr. Farzin had purportedly signed and filed since January 1 of that year (5 months).

13.     Within the body of the lawsuit, Defendants, upon information and belief, mispresented they had complied with Cal. Civ. Code § 1788.52 before filing suit. (Ex. 1, 4:5).   More specifically, Defendants misrepresented that SRS had included in its first written communication to Plaintiff the notice required by Cal. Civ. Code § 1788.52(d)(1) (California's Fair Debt Buying Practices Act) which advises Plaintiff how to obtain specific records that establish the validity of the debt.

HHH

Prior to Defendants' lawsuit, Plaintiff had never received any written communications from Defendants.

14.     Defendants did not serve their debt collection lawsuit upon Plaintiff until January 2021.  On January 12, 2021, Plaintiff's attorney, in response to that lawsuit, propounded written discovery to Mr. Farzin.  Neither Mr. Farzin nor any other person responded to Plaintiff's written discovery requests.

15.     On February 10, 2021, Plaintiff's attorney, pursuant to Cal. Civ. Code § 1788.52(c), emailed a written request to Mr. Farzin asking Defendants to produce the documents described in § 1788.52(a), (b).  Neither Mr. Farzin nor any other person responded to that request.

16.     On February 26, 2021, Plaintiff's attorney again served written discovery requests on Mr. Farzin.  Despite repeated follow-up emails, phone calls and letters to Mr. Farzin and his office, neither Mr. Farzin nor any other person responded to Plaintiff's written discovery requests.  In fact, Plaintiff's attorney has never reached Mr. Farzin or any other attorney at FARMAR by phone nor has Plaintiff's attorney ever received a return phone call, email or letter from any person in FARMAR's or SRS's office.

17.     Plaintiff, in the state court debt collection lawsuit, has incurred attorneys' fees and costs as a result of Defendants' conduct, including being forced to file a motion to compel discovery responses to get Defendants' attorneys involved in suit.  Plaintiff has incurred emotional distress as a result of Defendants' conduct.

## **FIRST CAUSE OF ACTION:**
## **VIOLATION OF THE FDCPA**

18.     Plaintiff brings this first claim for relief against Defendants under the FDCPA, 15 U.S.C. §§ 1692, *et. seq*.  Plaintiff incorporates all preceding paragraphs in this Complaint as though fully set forth herein.

HHH

1

2 **A.     FDCPA Threshold Elements**

3      19.    <u>Conduct Concerns a Debt</u>: Plaintiff allegedly incurred an obligation to

4 repay a credit card debt, the proceeds of which Plaintiff used for personal, family

5 and/or household purposes.  Plaintiff is therefore allegedly obligated to pay a "debt"

6 as that term is defined by 15 U.S.C. § 1692a(5).

7      20.    <u>Plaintiff is a Consumer</u>: Plaintiff is a natural person allegedly obligated

8 to pay a debt to SRS.  Plaintiff is thus a "consumer" as that term is defined by 15

9 U.S.C. § 1692a(3).

10      21.    <u>Defendant is a Debt Collector</u>: SRS purchased Plaintiff's debt after the

11 debt had fallen into default and after it was charged off by the original creditor.  SRS

12 thereafter hired FARMAR and pursued debt collection litigation to collect the debt

13 from Plaintiff.   SRS, a high-volume debt buyer, uses the instrumentalities of

14 interstate commerce and the mails in its business, the principal purpose of which is

15 the collection of debts.   FARMAR is a debt collection law firm that regularly

16 attempts to collect consumer debts on behalf of its creditor and debt buyer clients.

17 Mr. Farzin, a founding partner of FARMAR, alone purportedly signed and filed

18 1,063 consumer debt collection lawsuits between January 1, 2020 and May 29, 2020.

19 Defendants are thus "debt collectors" as that term is defined by 15 U.S.C.

20 § 1692a(6).

21 **B.     FDCPA Violations**

22      22.    <u>Falsely Representing that Required Pre-Litigation Notices Were Sent</u>:

23 Defendant's debt collection lawsuit misrepresented that Defendants had sent

24 Plaintiff the written notice required by Cal. Civ. Code § 1788.52(d)(1) before filing

25 suit against Plaintiff.  Making that averment in the lawsuit is required by Cal. Civ.

26 Code § 1788.58(a)(9) to let the court know all requirements of California's Fair Debt

HHH

- 6 -       *Case#*
Compl.

Buying Practices Act have been met and thus default can later be entered failing a response by the debtor.  The misrepresentation was material because it unfairly exposed Plaintiff to the real harm of having a default judgment entered against him. Pursuant to Cal. Civ. Code § 1788.60(c), a debt buyer is not entitled to default unless it has first complied with all the requirements of California's Fair Debt Buying Practices Act.   By misrepresenting that Defendants had complied with all requirements, including Cal. Civ. Code § 1788.52(d)(1), Defendants deceived the court into possibly and wrongly entering a default against Plaintiff.  Defendants thus violated the FDCPA with respect to section(s) –

| | | |
|---|---|---|
| 1692d: | engaging in conduct the natural consequence of which is to abuse the debtor in connection with the collection of a debt; |
| 1692e: | using false, deceptive and misleading representations in connection with the collection of a debt; |
| 1692e(2): | falsely representing the legal status of the debt; |
| 1692e(10): | using false representations and deceptive means in an attempt to collect a debt; and |
| 1692f: | using unfair and unconscionable means in an attempt to collect a debt. |

23.  <u>Commencing and Continuing Debt Collection Litigation without Meaningful Attorney Review or Involvement</u>: In the first 5 months of 2020, Mr. Farzin allegedly signed and filed 1,063 debt collection lawsuits between Alameda County, Butte County, Contra Costa County, Fresno County, Kern County, Los Angeles County, Merced County, Sacramento County, San Bernardino County, San Diego County, San Joaquin County, Santa Clara County and others.  On the day Defendants sued Plaintiff, Mr. Farzin allegedly signed and filed 62 debt collection

HHH

- 7 -       *Case#*
Compl.

lawsuits that same day.  Upon information and belief, Mr. Farzin did not, in fact, look at or review the lawsuit Defendants filed against Plaintiff.  Upon information and belief, Mr. Farzin's employees and/or his automated software robosigned and/or affixed Mr. Farzin's signature to Defendants' lawsuit against Plaintiff.  The misrepresentation was material because it unfairly exposed Plaintiff to the real harm of having a default judgment entered against him without Mr. Farzin first meaningfully reviewing the underlying documents for accuracy.  What's worse, the lawsuit against Plaintiff was the first document FARMAR generated in connection with Plaintiff's alleged debt; that is, no attorney had reviewed Plaintiff's file prior to suit being filed against him.  This inexcusable lack of attorney involvement further prejudiced Plaintiff whose own counsel could not get a return phone call or email to discuss the merits of the claim, to discuss opportunities for settlement or to discuss receipt of debt validating documentation.  The lack of meaningful attorney involvement caused Plaintiff to incur attorney's fees and costs where Plaintiff was forced to file a motion to compel responses to discovery as a result of Defendants' attorneys not responding to any communications from Plaintiff's counsel. Defendants thus violated the FDCPA with respect to section(s) –

| | |
|---|---|
| 1692d: | engaging in conduct the natural consequence of which is to abuse the debtor in connection with the collection of a debt; |
| 1692e: | using false, deceptive and misleading representations in connection with the collection of a debt; |
| 1692e(3): | falsely representing or implying that any communication is from an attorney; |
| 1692e(10): | using false representations and deceptive means in an attempt to collect a debt; and |

1692f:     using unfair and unconscionable means in an attempt to collect a debt.

24.   Defendants' acts as described above were done knowingly and intentionally for the purpose of coercing Plaintiff to pay the debt.

25.   As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

a)   Assume jurisdiction in this proceeding;

b)   Declare that Defendants violated the FDCPA, including, without limitation, 15 U.S.C. §§ 1692d, e, e(2), e(3), e(10) and f;

c)   Award Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. §§ 1692k(a)(2)(A);

e)   Award Plaintiff the costs of this action together with reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

f)   Award Plaintiff such other and further relief deemed proper and just.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MICHAEL AYALA, hereby demands a trial by jury of all triable issues of fact in the above-referenced case.

HHH

- 9 -   *Case#*

Compl.

Respectfully submitted,

Date: <u>May 26, 2021</u>

**HOESTENBACH LAW**

By: <u>/s/ Hunter Hoestenbach</u>
    Hunter H. Hoestenbach (SBN: 249130)
    402 W. Broadway Fl. 21
    San Diego, CA 92101-8574
    Tel: (619) 940-4868 | Fax: (619) 363-4631
    E-mail: Hunter@HoestenbachLaw.com

    ATTORNEY FOR PLAINTIFF

**HHH**

- 10 -    *Case#*
Compl.